UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDREA SHORTER, individually and on behalf of all other persons similarly situated who were employed by GREENWICH HOMECARE LLC and/or any other entities affiliated with or controlled by GREENWICH HOMECARE LLC,<br><br>Plaintiffs,<br>-against-<br><br>GREENWICH HOMECARE LLC, and any related entities,<br><br>Defendants. | **COMPLAINT**<br><br>**FLSA COLLECTIVE ACTION**<br><br>**And**<br><br>**CLASS ACTION**<br><br>Docket No.:<br><br>**JURY TRIAL DEMANDED** |

Named Plaintiff ANDREA SHORTER ("Named Plaintiff"), by her attorneys, Virginia and Ambinder, LLP, alleges upon knowledge to herself and upon information and belief as to all other matters as follows:

### PRELIMINARY STATEMENT

1. This action is brought pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 206, 207, and 216(b); and the Connecticut Minimum Wage Act (the "CMWA"), Conn. Gen. Stat. § 31-58 *et seq.*, to recover unpaid overtime compensation as well as related damages owed to the Named Plaintiff and all similarly situated persons (the "Putative Class" or "Putative Class Members") (Named Plaintiff and the Putative Class referred to together as "Plaintiffs") who are presently or were formerly employed by GREENWICH HOMECARE LLC and/or any other affiliated or related entities ("Defendant") to perform work as home health attendants, home health aides, personal care assistants and/or other related tasks.

2. Beginning in September 2021 and continuing through the present, Defendant has engaged in a policy and practice of depriving its employees of the applicable overtime wages for work they performed as mandated by federal and state law.

1

3. Beginning in September 2021 and continuing through the present, Defendant has engaged in a policy and practice of requiring its employees to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by the applicable federal and state laws.

4. Named Plaintiff has initiated this action seeking for herself, and on behalf of all similarly situated employees, all compensation, including overtime compensation of which they were deprived, plus interest, damages, and attorneys' fees and costs.

## JURISDICTION

5. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under CMWA.

6. The statute of limitations under FLSA, 29 U.S.C. § 255(a), for willful violations is three (3) years.

7. The statute of limitations under Conn. Gen. Stat. § 52-596 is two years.

## VENUE

8. Venue for this action in the District of Connecticut under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in this District, and because Defendant resides in the District of Connecticut.

## THE PARTIES

9. Named Plaintiff Andrea Shorter is currently a resident of Bronx County, New York, and was employed by Defendant as a home health aide from approximately June 2023 until approximately May 2024.

10. Upon information and belief, Defendant is a domestic corporation organized and existing under the laws of the State of Connecticut and authorized to do business within the State of Connecticut, with a principal place of business at 7 Benedict Place, Greenwich, CT, 06830.

11. At all times relevant to this action, Defendant was the employer of Named Plaintiff and the putative class.

12. Upon information and belief, Defendant maintained common control, oversight, and direction over the operations of the work performed by Named Plaintiff and the Putative Class, including payroll practices.

13. Defendant possessed the ultimate authority and control to set the hours of employment and wages paid for Named Plaintiff and the Putative Class.

14. Upon information and belief, Defendant had substantial control of the working conditions of Named Plaintiff and the putative class and over the unlawful policies and practices alleged herein.

15. Upon information and belief, Named Plaintiff and the Putative Class performed labor for the benefit of and at the direction of Defendant.

16. Upon information and belief, Defendant was responsible for the firing and hiring of Named Plaintiff and the Putative Class, and controlled the terms and conditions of their employment including their rates of pay, schedules, promotions, discipline, and raises.

## CLASS ALLEGATIONS

17. Named Plaintiff realleges and incorporates by reference all the allegations set forth above.

18. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure (FRCP).

19. This action is brought on behalf of Named Plaintiff and the Putative Class consisting of similarly situated employees who worked for Defendant as home health attendants, home health aides, personal care assistants and/or performing other related tasks.

20. Named Plaintiff and potential Plaintiffs who elect to opt-in as part of the collective action are all victims of Defendant's common policy and/or plan to violate the FLSA by failing to pay Named Plaintiff and those similarly situated overtime compensation at the rate of one and one-half times their regular hourly wages for all hours worked in excess of 40 in a week.

21. The Putative Class is so numerous that joinder of all members is impracticable. The size of the Putative Class is believed to be in excess of 200. Additionally, the names of all potential Putative Class Members are not known.

22. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include but are not limited to: (1) whether Defendant failed to pay the appropriate overtime compensation for all hours worked in excess of 40 in a week; (2) whether Defendant failed to keep accurate records of the time worked by Named Plaintiff and Putative Class Members and the wages paid to Named Plaintiff and Putative Class Members.

23. The claims of the Named Plaintiff are typical of the claims of the Putative Class Members.

24. Named Plaintiff and Putative Class Members were all subject to Defendant's policies and willful practice of failing to pay overtime wages for all hours worked.

25. Upon information and belief, Defendant had substantial control of the working conditions for Named Plaintiff and Putative Class Members and over the unlawful policies and practices alleged herein.

26. Upon information and belief, Named Plaintiff and Putative Class Members performed labor for the benefit of and at the direction of Defendant.

27. Upon information and belief, Defendant was responsible for the firing and hiring of Named Plaintiff and Putative Class Members, and controlled the terms and conditions of their employment including their rate of pay, schedule, promotions, discipline, and raises.

28. Named Plaintiff and her counsel will fairly and adequately protect the interests of the Putative Class.

29. Named Plaintiff has retained counsel experienced in complex wage and hour collective and class-action litigation.

30. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

31. The individual Named Plaintiff and Putative Class Members lack the financial resources to adequately prosecute separate lawsuits against Defendant. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendant's policies.

## **FACTS**

32. The Named Plaintiff repeats each and every allegation previously made here and as if set forth fully herein.

33. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

34. Named Plaintiff worked as a home health aide for Defendant from approximately June 2023 to May of 2024.

35. While employed by Defendant, Named Plaintiff provided services to ailing and elderly clients, including but not limited to, personal care services, such as assistance with dressing, bathing and personal grooming, cooking, feeding and serving food, changing diapers and toileting, cleaning, such as mopping, cleaning bathrooms, changing bed linens, and taking out garbage, escorting clients to doctors' appointments, and making transportation arrangements.

36. Named Plaintiff did not live in the homes of Defendant's clients, but maintained her own residence during her employment.

37. Named Plaintiff typically worked 24-hour shifts, generally six (6) to seven (7) days per week.

38. As such, while employed by Defendant, Named Plaintiff generally worked more than 40 hours per week.

39. Named Plaintiff was paid a flat rate of approximately $210 per 24-hour shift.

40. Upon information and belief, Named Plaintiff was paid $210 for 13 hours of her 24-hour shifts.

41. Despite regularly working more than forty hours per week, Named Plaintiff was not paid overtime compensation at the rate of one and one-half times her regular hourly rate for all hours worked over forty (40) in a week.

42. In approximately December 2023, Named Plaintiff spoke to Defendant's owner, Paul, and asked why she was not receiving overtime pay. Paul responded by stating that the company does not pay overtime compensation.

43. Named Plaintiff's co-workers performed the same and/or similar work to that of Named Plaintiffs.

44. Like Named Plaintiff, the Putative Class Members generally worked more than 40 hours per week.

45. Like Named Plaintiff, the Putative Class Members generally were not paid overtime wages, at the applicable overtime hourly rate, for all hours worked in excess of 40 hours in any given week.

46. When Putative Class Members performed 24-hour shifts, like Named Plaintiff, they were paid a flat rate per shift, which included pay for approximately 13 hours of their 24-hours shifts.

47. At all relevant times, Defendant has maintained a policy and practice of assigning Named Plaintiff and the Putative Class Members to work more than 40 hours per week without paying them the applicable overtime hourly rate of pay for all hours worked in excess of 40 per week.

48. Upon information and belief, Defendant willfully, purposefully, and maliciously paid Named Plaintiff and the Putative Class Members less than the rates of wages and benefits to which Named Plaintiff and Putative Class Members were entitled.

49. Defendant's actions as described herein were intentional and not made in good faith.

## **FIRST CAUSE OF ACTION**
## **UNPAID OVERTIME COMPENSATION UNDER FLSA**

50. Named Plaintiff repeats each and every allegation previously made here and as if set forth fully herein.

51. Named Plaintiff and similarly situated employees of Defendant bring this claim for relief pursuant to the Fair Labor Standards Act ("FLSA") at 29 U.S.C. § 201, et seq.

52. Under the FLSA, Named Plaintiff and similarly situated employees are entitled to be compensated for all hours worked where such time is compensable time and is also subject to the regular time and overtime provisions of sections 206 and 207 of the FLSA.

53. Even though Named Plaintiff and similarly situated employees are entitled to be paid overtime rates for hours exceeding 40 per week, Defendant failed and continues to fail to pay Named Plaintiff and those similarly situated at the appropriate rate of pay, including overtime rates for work in excess of 40 hours per week, as required under the FLSA.

54. Defendant willfully, knowingly, purposefully, maliciously, and recklessly failed to pay Named Plaintiff and similarly situated hourly employees overtime compensation.

55. Defendant's failure to comply with the FLSA wage-and-hour protections caused the Named Plaintiff and Putative Class Members to suffer loss of wages and interest thereon.

56. On this claim for relief, the Named Plaintiff on behalf of herself and Putative Class Members seeks the payment of all unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked and wages actually paid for the Named Plaintiff and Putative Class Members

57. Named Plaintiff on behalf of herself and Putative Class Members further seeks an award of liquidated damages in the amount of 100% of the unpaid regular and overtime wages, plus attorneys' fees, interest, and costs as provided for by the FLSA.

## SECOND CAUSE OF ACTION
## UNPAID OVERTIME UNDER THE CMWA

58. The Named Plaintiff repeats each and every allegation previously made here and as if set forth fully herein.

59. Named Plaintiff and similarly situated employees are entitled to be paid at an overtime rate of one and one-half times the regular hourly rate for all hours worked over 40 in any given week.

60. Even though Named Plaintiff and similarly situated employees are entitled to be paid overtime rates for hours exceeding 40 per week, Defendant failed and continues to fail to pay Named Plaintiff and those similarly situated at the appropriate rate of pay, including overtime rates

for work in excess of 40 hours per week, as required under Conn. Gen. Stats. §§ 31-58 *et seq.*, including Conn. Gen. Stats. §§ 31-60, 31-66, 31-68, 31-76(a) – (c), and their implementing regulations.

61. Defendant's failure to comply with Connecticut wage-and-hour protections caused the Named Plaintiff and Putative Class Members to suffer loss of wages and interest thereon.

62. Defendant willfully, knowingly, purposefully, maliciously, and recklessly failed to pay Named Plaintiff and similarly situated hourly employees overtime compensation.

63. On this claim for relief, the Named Plaintiff on behalf of herself and other similarly situated hourly employees of Defendant seeks the payment of all unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked and wages actually paid for the Named Plaintiff and other similarly situated employees.

64. Named Plaintiff on behalf of herself and Putative Class Members further seeks an award of liquidated damages in the amount of 100% of the unpaid regular and overtime wages, plus attorneys' fees, interest, and costs as provided for by the by the CMWA and related wage-and-hour protections and regulations.

## **JURY TRIAL DEMANDED**

65. Plaintiff demands that all issues of fact be decided by a jury.

**WHEREFORE**, Named Plaintiff, individually and on behalf of all other persons similarly situated who were employed by Defendants, demand judgment:

(1) On the First Cause of Action against Defendant, all unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages and unpaid overtime to be determined at trial, plus liquidated damages, interest,

attorneys' fees and costs, pursuant to the FLSA and related wage-and-hour protections and regulations;

(2) On the Second Cause of Action against Defendants, all unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the unpaid overtime wages, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the CMWA and related wage-and-hour protections and regulations, and

(4) such other and further relief as this Court may deem just and proper.

Dated: September 16, 2024

**VIRGINIA & AMBINDER, LLP**

By: /s/ Alanna R. Sakovits
Alanna R. Sakovits, Esq. (Bar No. ct31786)
40 Broad Street, 7th Floor
New York, New York 10004
Tel: (212) 943-9080
Fax: (212) 943-9082
asakovits@vandallp.com

/s/ Ryan O'Neill
Ryan O'Neill, Esq. (ct28345)
LAW OFFICES OF MARK SHERMAN
29 Fifth St
Stamford, Connecticut 06905
Tel: (203) 904-2382
ryan@markshermanlaw.com
*Attorneys for Named Plaintiff and*
*The Putative Class*